UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**In re:**

**CENTRAL FLORIDA CONSTRUCTION GROUP, INC.,**

    **Debtor.**

_____/

CASE NO. 25-10051-KKS

CHAPTER 11

*Subchapter V Election*

Emergency Hearing Requested on or before Friday, March 14, 2025

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL
AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**
*(Re: U.S. Small Business Administration and Creditors Retaining Inferior Interests)*

**CENTRAL FLORIDA CONSTRUCTION GROUP, INC.** ("Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), and Federal Rule of Bankruptcy Procedure 4001(b), hereby moves for authority to use cash collateral and to provide adequate protection to the **U.S. Small Business Administration** ("SBA") and, to the extent necessary, the holders of inferior position security interests in the Debtor's cash, accounts, and cash equivalents (the "Inferior Interests") and collectively with SBA (the "Secured Creditors"),[1] and requests an emergency hearing on the relief sought on or before **Friday, March 14, 2025**. In support of this motion, the Debtor states as follows:

**Jurisdiction**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 363. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M).

---

[1] The Debtor's inclusion of the creditors defined as the Secured Creditors or Inferior Interests in this Motion is in no way an admission that such creditors have a properly perfected security interest in the Debtor's property. The Debtor specifically reserves its rights to contest the validity of such alleged security interests that may be asserted by the Secured Creditors and/or the Inferior Interests. Debtor is including any and all potential lienholders in this Motion out of an abundance of caution.

**Background**

2. On March 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Since the Petition Date, the Debtor has not been using its cash or cash collateral. Instead, the Debtor's owner has been gifting funds to the Debtor to pay operating expenses. However, very recently, the Debtor was finally paid on a long outstanding project. Thus, the Debtor has funds during the next interim period to pay its own ongoing expenses and move forward towards financial stability again.

3. The SBA may assert a first priority security interest in the Debtor's cash and cash equivalents by virtue of a recorded lien.

4. Additionally, inferior lien holders (the "Inferior Interests") may claim an inferior interest in the Debtor's cash and cash equivalents by virtue of alleged liens on the Debtor's personal property.

5. Based on a public search of all UCC filings on the Florida Secretary of State website, the Debtor has identified the following Inferior Interests: **The Ohio Casualty Insurance Company** and **Nationwide Mutual Insurance Company**.

6. The cash collateral the Debtor seeks to use is comprised of cash on hand and funds to be received from sales during the Debtor's normal operations that are encumbered by the liens of the Secured Creditors (the "Cash Collateral"). The Secured Creditors may assert an interest in the Cash Collateral by virtue of their respective security interests.

**Cash Collateral and the Relief Sought by the Debtor**

7. The Debtor will require the use of approximately $91,000.00 of Cash Collateral to continue to operate its business for the next four (4) weeks, and, depending on the circumstances, a greater or lesser amount will be required for each comparable period thereafter. The Debtor will

2

use the Cash Collateral to pay operating expenses pending a final hearing on this Motion (the "Interim Period").

8. A budget reflecting the estimated income and expenses for the Debtor's business over the next four (4) weeks is attached hereto as **Exhibit A** and is incorporated herein by reference.

9. As adequate protection for the use of Cash Collateral, the Debtor proposes to grant Secured Creditors replacement liens to the extent of any diminution in value, with such liens to have the same validity, extent, and priority as their respective pre-petition liens. The Debtor will operate on a positive cash flow basis during the interim six-week period and asserts all interests on Cash Collateral are adequately protected by the replacement liens. The contract income represented in the attached budget is a conservative estimate considering weather patterns, and availability of equipment.

10. If the Debtor is not permitted to use Cash Collateral, it will be forced to halt operations, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes that the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, the granting of the relief requested in the Motion is warranted.

**WHEREFORE,** the Debtor respectfully requests this Court enter an interim order: (i) granting Debtor's request for an emergency hearing, (ii) authorizing the Debtor's use of Cash Collateral on an interim basis pending a final hearing, and (iii) granting such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 12th day of March 2025.

/s/ Justin M. Luna
Justin M. Luna, Esq.
Florida Bar No. 0037131
jluna@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**In re:**

**CENTRAL FLORIDA CONSTRUCTION GROUP, INC.,**

   **Debtor.**
_____/

CASE NO. 25-10051-KKS

**CHAPTER 11**

*Subchapter V Election*

**CERTIFICATE OF SERVICE**

I certify that a copy of this **EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL** has been served on March 12, 2025: (i) to all filing users through the CM/ECF filing system; and (ii) by certified United States mail and/or e-mail to: **Central Florida Construction Group, Inc.**, 6250 NW 75th Ave., Chiefland, Florida 32626; **U.S. Small Business Administration,** 2 North Street, Suite 320, Birmingham, AL 35203 (Via FedEx Overnight and Certified Mail); **U.S. Small Business Administration, c/o Garrett Remick Lenox**, Paralegal Specialist, 200 W. Santa Ana Blvd., Suite 740, Santa Ana, CA 92701, garrett.lenox@sba.gov (via certified mail and email); **Attorney General of the United States of America, U.S. Department of Justice**, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001, **U.S. Small Business Administration, c/o Civil Processing Clerk,** U.S. Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, Florida 32801 (via FedEx); **The Ohio Casualty Insurance Company,** PO Box 34526, Seattle, WA 98124; **Nationwide Mutual Insurance Company,** 1100 Locust Street, Dept. 2006, Des Moines, IA 50391; **U.S. Trustee,** 110 E. Park Avenue, Suite 128, Tallahassee, Florida 32301; and to non-filers on the Local Rule 1007-2 Parties in Interest List as listed on the mailing matrix attached to the original of this document filed with the court.

/s/ Justin M. Luna
Justin M. Luna, Esq.

EXHIBIT "A"

## Central Florida Construction Group, LLC

| | |
|---|---|
| **Month** | **March** |
| Beginning Cash | $ 125.47 |
| Projected Additional Sales & Revenue | $ 106,385.99 |
| **Total** | **$ 106,511.46** |
| | |
| **Regular Monthly Opertating Expenses** | |
| Rent | $ 6,300.00 |
| Accountant | $ 3,000.00 |
| Insurance | $ 10,900.00 |
| Fuel | $ 2,500.00 |
| Truck Repair /Lease/Equipment Rental | $ 5,800.00 |
| Office Supplies | $ 500.00 |
| | |
| **Projected Payroll** | |
| Office / Field Payroll | $ 48,000.00 |
| | |
| **Materials & Subcontractors** | |
| Materials | $ 4,500.00 |
| Subcontractors | $ 9,500.00 |
| | |
| **Total Actual Expences** | **$ 91,000.00** |
| | |
| **Net Income** | $ 15,385.99 |
| | |
| **Ending Cash Balance** | **$ 15,511.46** |