UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

Central Florida Construction Group, Inc.          CASE NO. 25-10051-KKS

CHAPTER 11

_____Debtor._____/

## UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

Mary Ida Townson, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order dismissing or in the alternative converting this chapter 11 case, and in support respectfully states as follows:

1. Central Florida Construction Group, Inc., (the "Debtor") filed a voluntary petition under Chapter 11 Subchapter V of the U.S. Bankruptcy Code on March 3, 2025.

2. On March 17, 2025, the Debtor filed a Motion to Extend Deadline to File Schedules or Provide Required Information and Statement of Financial Affairs (the "Motion to Extend") [ECF No. 21]. The Motion to Extend asserted that additional time was needed to compile information but did not put forth specific reasons why the extension was warranted. Nonetheless, the Debtor was afforded

additional time to compile information and to file the required schedules and statements.

3. On March 31, 2025, the Debtor filed All Remaining Schedules and Statements (the "Bankruptcy Schedules and Statements") [ECF No. 28].

4. The Debtor's Bankruptcy Schedules and Statements indicate the Debtor does not own real property but owns various pieces of machinery and equipment, all of which are fully encumbered [ECF No. 28].

5. On March 4, 2025, the Debtor filed the Case Management Summary (the "Case Management Summary") [ECF No. 5]. The Case Management Summary states the Debtor provides general contracting services and cites liquidity issues as the primary cause of the bankruptcy filing. Specifically, "payments wrongfully withheld from the Debtor (approximately $250,000.00)" [ECF No. 5, pg. 2].

6. On March 5, 2025, the Office of the United States Trustee sent the Debtor, through its counsel, email correspondence scheduling an Initial Debtor Interview (the "IDI") for March 19, 2025, and in accordance with the United States Trustee Operating Guidelines and Reporting Requirements requesting certain information and documents, including proof of insurance for the Property (the "Guideline Documents") to be provided no later than March 17, 2025.

7. On March 18, 2025, the Debtor through counsel provided certain Guideline Documents to the Office of the United States Trustee. However, upon

review of the documents provided, it became clear that the Debtor did not produce the required information on Attachment A, or Attachment C of the Guidelines, had not filed schedules or provided a draft of the schedules. For this reason, the Office of the United States Trustee was unable to hold the scheduled IDI and the same was rescheduled for April 1, 2025.

8. On March 26, 2025, the Office of the United States Trustee sent a follow up email concerning the missing Guideline Documents and requesting that the missing items be provided no later than March 28, 2025.

9. On March 31, 2025, the Debtor provided some of the missing Guideline Documents, including the Bankruptcy Schedules and Statements.

10. Notwithstanding the remaining missing Guideline Documents, on April 1, 2025, the Office of the United States Trustee held the continued IDI (the "Continued IDI"). Issues surfaced at the Continued IDI concerning the accuracy of the filed Bankruptcy Schedules and Statements, the Case Management Summary, the Debtor's financial documents, and tax returns. The Debtor was afforded additional time to file schedule amendments, provide various financial statements and explanations by April 7, 2025.

11. On April 14, 2025, shortly before the Section 341 Meeting of Creditors (the "341 Meeting") the Debtor provided tax returns and financial statements.

12. Because the Debtor did not file the necessary amendments to the schedules, and did not provide the financial documents with sufficient time for a proper review, the United States Trustee could not hold the scheduled 341 Meeting, and a continuation to April 22, 2025, was announced on the record.

13. On April 17, 2025, Debtor's counsel informed the United States Trustee that the Debtor consents to a dismissal of the instant case.

14. As of this date, the Debtor has not filed the required amendments or provided the United States Trustee with full compliance of the Guideline Documents requested.

15. Pursuant to 11 U.S.C. § 1112(b)(4)(H), failure to timely provide information or attend meetings reasonably requested by the United States Trustee is sufficient grounds to convert or dismiss this case.

16. The foregoing factors are indicative of the Debtor's inability to manage its affairs and effectively maneuver through the reorganization process. There appears an absence of a reasonable likelihood of rehabilitation and an unlikely ability to effectuate a plan, and therefore, it is in the best interest of creditors and the estate that this case be converted or dismissed pursuant to 11 U.S.C. § 1112(b).

WHEREFORE, the United States Trustee requests this Court to enter an Order dismissing or converting this case, and for such other and further relief that the Court may deem appropriate.

Dated: April 23, 2025.                    MARY IDA TOWNSON
                                          United States Trustee

                                          /s/ Adisley M. Cortez-Rodriguez
                                          Adisley M. Cortez-Rodriguez Esq.
                                          Florida Bar No. 0091727
                                          Assistant United States Trustee
                                          110 East Park Avenue, Suite 128
                                          Tallahassee, FL 32301
                                          Tel: (202) 567-1574
                                          Adisley.M.Cortez-Rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on April 23, 2025 a true and correct copy of foregoing was electronically filed with the Court using the CM/ECF system, which sent notification and was electronically served on all parties in interest participating in the CM/ECF system:

- Justin Luna bknotice@lseblaw.com, jluna@lathamluna.com; ataylor@lathamluna.com; dvelasquez@lathamluna.com; bknotice1@lathamluna.com
- Katherine Kerwin katherine.kerwin@usdoj.gov; Marsha.S.Francis@usdoj.gov;caseview.ecf@usdoj.gov;Kristina.Bennett@usdoj.gov; yvonne.kitchens@usdoj.gov
- Kathleen L DiSanto disanto.trustee@bushross.com kdisanto@bushross.com;bankruptcy.eservice@bushross.com;ecf.alert+disantoflnb@titlexi.com; kdisanto@ecf.courtdrive.com
- Michael Austen Wynn michael@wynnlaw-fl.com; wynn.michaelr88702@notify.bestcase.com; katrina@wynnlaw-fl.com;heather@burgwynn.com
- Brett D. Divers   bdivers@pdtlegal.com
- 

And via First Class Mail to:

- Arkel International, LLC, 1055 Convention Street, Baton Rouge, LA 70802-4771
- Sebulon Group LLC, 506 Waycross Ave, Pensacola, FL 32507-1426
- Yerkes South Inc. of Eglin AFB, FL, 567 Inverness Rd., Eglin AFB, FL 32542

/s/ *Adisley M. Cortez-Rodriguez*
Adisley M. Cortez-Rodriguez